UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-5263-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1960.[1] Plaintiff has at least a high school education and previously worked as a home health aide and secretary. AR 47. Plaintiff filed an application for Disability Insurance Benefits (DIB) on October 19, 2017, alleging disability beginning January 1, 2005. AR 19. The application was denied at the initial level and on reconsideration. The ALJ held

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

a hearing on July 19, 2019, and a supplemental hearing on December 20, 2019, and took testimony from Plaintiff, an impartial medical expert, and a vocational expert (VE). AR 30–69. On January 24, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 19–24. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 20, 2020 (AR 1–9), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured of March 31, 2005. AR 21.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found that, through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. AR 21 (citing 20 C.F.R. § 404.1520(c)). Accordingly, the ALJ found that Plaintiff was not under a disability at any time from January 1, 2005, the alleged onset date, through March 31, 2005, the date last insured. The ALJ did not reach steps three through five of the sequential analysis.

Plaintiff raises the following issues on appeal: (1) whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) whether the ALJ properly evaluated the lay evidence; (4) whether the ALJ improperly determined that Plaintiff had no severe medically determinable impairment between January 1, 2005, and March 31, 2005; and (5) whether the ALJ was not validly appointed because she derived her authority from a Commissioner who was appointed in violation of the Constitution. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[2] 20 C.F.R. § 404.1520c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources,

---

[2] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 3

the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) (applying the substantial evidence standard under the 2017 regulations); *Matos v. Comm'r of Soc. Sec. Admin.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. January 10, 2022) (same); *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (same). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. Dr. Joseph McCarthy, M.D.

Dr. McCarthy, Plaintiff's treating physician, provided a letter dated November 8, 2017, in which Dr. McCarthy opined that Plaintiff's medical issues include chronic, intermittent, severe pelvic pain and lumbo-sacral pain, lumbar spine degenerative disc disease, right thoracic pain and dysfunction, right sciatica, right hip pain, right chronic-facial and sinus pain secondary to multiple facial fracture and jaw fractures, chronic headaches, cervicalgia, shoulder pain (right greater than left), chronic constipation, generalized anxiety disorder, and post-traumatic stress disorder. AR 408–409. Dr. McCarthy noted that he treated Plaintiff from 2002 to 2016 and that Plaintiff sustained a catastrophic motor vehicle accident in 1977. AR 408. Dr. McCarthy opined that Plaintiff is limited in her daily activities, unable to work on a sustained basis, can stand less than two hours, sit less than four hours, requires the ability to change position at will, requires frequent breaks, can occasionally lift less, but not more, than 10 pounds, may frequently be off-task due to difficulty concentrating, is capable of low work-stress, and may miss at least four days of work

ORDER
PAGE - 4

per month due to her impairment. AR 409.

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 404.1520c(a)–(b). The ALJ found Dr. McCarthy's opinion to be less persuasive because it is unsupported and inconsistent with the medical record. AR 23. The ALJ found that the medical record revealed no medical evidence between January 1, 2005, the alleged onset date, and March 31, 2005, the date last insured. AR 23.

Plaintiff argues that, "as a longstanding treating physician, Dr. McCarthy had a longitudinal basis for his opinion regarding [Plaintiff's] impairments and limitations." Dkt. 10, at 4. Under the supportability factor, the ALJ considers how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)" in determining that opinion's persuasiveness. 20 C.F.R. § 404.1520c(c)(1). The ALJ found that the medical record did not contain any medical record evidence prior to 2007. AR 23. Although Dr. McCarthy noted that he treated Plaintiff between 2002 and 2016, Dr. McCarthy's opinion did not identify whether he diagnosed or treated Plaintiff for her alleged impairments prior to the date last insured.[3] Rather, Plaintiff testified at the hearing that she saw Dr. McCarthy for exams in 2001 and 2003 and once or twice a year for a spider bite, bronchial infection, "female things," or blood tests to check her micronutrients. AR 42–43. Further, Plaintiff testified that Dr.

---

[3] Plaintiff does not argue that the ALJ was under a duty to develop the record further. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."). Nevertheless, the Court finds that the ALJ fulfilled her duty to develop the record by calling a medical expert to testify at the July 2019 hearing, submitting interrogatories to the medical expert, and holding a supplemental hearing in December 2019. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of [a physician's] opinion in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record." (internal citations omitted)).

ORDER
PAGE - 5

McCarthy ordered MRIs and x-rays in 2007 after Plaintiff was rear-ended around that time and not for any pre-existing condition. AR 36, 44. Because there is no relevant objective medical evidence or supporting explanations provided by Dr. McCarthy to show that the opinion is relevant or probative as to the closed period of disability between January 1, 2005, and March 31, 2005, the ALJ did not err by finding Dr. McCarthy's opinion unpersuasive for lack of support in the record, *see* 20 C.F.R. § 404.1520c(c)(1), and this finding was supported by substantial evidence.

Plaintiff further argues that the ALJ did not cite any medical evidence "which is actually inconsistent with Dr. McCarthy's opinion, as the record does not include any medical records prior to 2007." Dkt. 10, at 4. Under the consistency factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). A claimant is required to "submit all evidence known to [her] that relates to whether or not [she is] blind or disabled." 20 C.F.R. § 404.1512(a)(1). Here, Plaintiff concedes that the record lacks any medical records prior to 2007. Because there is no evidence in the record from other medical and nonmedical sources during the relevant period, the ALJ did not err by finding Dr. McCarthy's opinion unpersuasive for lack of consistency with the medical record, *see* 20 C.F.R. § 404.1520c(c)(2), and this finding was supported by substantial evidence.

B. Other Medical Evidence

Plaintiff identifies various medical records that postdate the date last insured, including spinal imaging from 2007, 2016, 2019, and 2019 diagnoses from Danielle Glover-Cloutier, ARNP, of bilateral low back pain with bilateral sciatica and cervicalgia. Dkt. 10, at 4–5. Plaintiff argues that this evidence "arguably relates back to the time period prior to March 31, 2005," shows that Plaintiff's impairments have continued to be present through 2019, and shows that Plaintiff had

1   severe medically determinable impairments prior to March 31, 2005. *Id.* at 4–5. Plaintiff, however, has offered no theory regarding how or why such evidence relates back or is probative to the relevant disability period. To the contrary, Plaintiff testified at the hearing that Dr. McCarthy ordered a 2007 MRI after Plaintiff was rear-ended around that time, and the treatment records confirm that Plaintiff experienced a motor vehicle accident one-year prior. AR 44, 465. These records do not suggest that they relate to any condition that may have existed during the relevant period. Similarly, the other medical records cited by Plaintiff identify impressions of Plaintiff at the time of the visit and do not reasonably relate back to a condition or impairment that may have existed prior to March 31, 2005. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (medical opinions outside the relevant disability period are of limited relevance). Therefore, Plaintiff has not shown that the ALJ erred in evaluating the other medical evidence of record.

C.  Dr. Arthur Lorber, M.D.

Dr. Lorber testified at both the initial hearing in July 2019 and the supplemental hearing in December 2019. Although Dr. Lorber noted that there were no medical records between the closed period of January 2005 and March 2005, Dr. Lorber assessed Plaintiff's residual capacity during the closed period and subsequent to the closed period, which assessment included that Plaintiff may occasionally lift 20 pounds and frequently 10, walk/stand for 30 minutes at a time for no more than two hours per day, sit for one hour at a time for six hours per day, avoid exposure to concentrated vibration, should not climb ladders, scaffolds, or ropes, and may ascend and descend stairs and stoop and crouch occasionally. AR 38–39. Dr. Lorber further testified that he does not recommend that Plaintiff kneel or crawl. AR 39.

The ALJ found Dr. Lorber's opinion to be less persuasive for the same reasons as Dr.

ORDER
PAGE - 7

McCarthy's opinion. AR 23. Specifically, the ALJ found Dr. Lorber's opinion unsupported and inconsistent with the medical record, finding that the medical record contained no medical evidence during the relevant period between January 1, 2005, and March 31, 2005. AR 23.

Plaintiff argues that the ALJ's analysis is not supported by substantial evidence and that "Dr. Lorber's was qualified to infer an onset date even in the absence of medical records." Dkt. 10, at 5 (citing SSR 18-1p).[4] The ALJ found Dr. Lorber's opinion unsupported and inconsistent with the medical record based on the lack of any medical evidence in the medical record prior to 2007. AR 23. Dr. Lorber specifically noted that "[a]s to the closed period of 1 January '05 to March of '05, I have no records whatsoever." AR 36. Further, the doctor did not provide any explanation as to how or why his opinion was relevant or probative to the disability period despite the lack of records prior to March 2007. Plaintiff similarly has offered no theory as to how Dr. Lorber's opinion is relevant or probative to the relevant disability period considering that Dr. Lorber reviewed no medical records from the relevant disability period or related to the relevant disability period. Therefore, the ALJ did not err by finding Dr. Lorber's opinion unpersuasive for lack of support and consistency in the record, *see* 20 C.F.R. § 404.1520c(c)(1)–(2), and this finding was supported by substantial evidence.

**2. Subjective Testimony**

Plaintiff contends that the ALJ erred by failing to provide any meaningful analysis of Plaintiff's testimony. Dkt. 10, at 6. The Commissioner responds that the ALJ was not required to evaluate Plaintiff's testimony because the ALJ reasonably concluded that Plaintiff did not have a medically determinable impairment during the relevant disability period. Dkt. 14, at 21.

---

[4] Under SSR 18-1p, the ALJ may "call on the services of an ME [medical expert] to assist in inferring the date that the claimant first met the statutory definition of disability." SSR 18-1p. Here, Dr. Lorber did not infer a disability onset (AR 35–39); therefore, Plaintiff has not shown that SSR 18-1p applies.

ORDER
PAGE - 8

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). Plaintiff must provide medical evidence of a medically determinable impairment; symptoms alone "will not be found to affect [a claimant's] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment is present." 20 C.F.R. § 404.1529(b); *see id.* § 404.1521 ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source."). If "an individual alleges symptoms, but the medical signs and laboratory findings do no substantiate any medically determinable impairment capable of producing the individual's alleged symptoms, we will not evaluate the individual's symptoms at step two of our two-step evaluation process." SSR 16-3p. Because Plaintiff failed to provide any medical signs or laboratory findings that show that a medically determinable impairment was present during the relevant disability period, the ALJ did not err by not evaluating Plaintiff's symptom testimony at step two.

**3. Lay Witness Testimony**

Plaintiff argues that the ALJ erred by failing to evaluate the lay witness statements from Plaintiff's two sisters. Dkt. 10, at 7–9. Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, the failure to address lay testimony may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds*.

Here, as described above, Plaintiff failed to make a threshold showing that her medically

ORDER
PAGE - 9

determinable impairments significantly limit her ability to perform basic work activities. A physical or mental impairment must be established by objective medical evidence. 20 C.F.R. § 404.1521. Because the lay witness statements cannot establish the existence of a medically determinable impairment, the ALJ did not err by failing to address the lay witness statements at step two.

### 4. Step Two

Plaintiff argues that the ALJ erred by finding that Plaintiff had no severe medically determinable impairment between January 1, 2005, the alleged onset date, and March 31, 2005, the date last insured. Dkt. 10, at 9. Contrary to Plaintiff's assertion, an impairment cannot be established by a claimant's statement of symptoms, a diagnosis, or a medical opinion; rather, "a physical or mental impairment must be established by objective medical evidence form an acceptable medical source." 20 C.F.R. § 404.1521. Here, there is no medical evidence in the record prior to 2007. Further, as described above, Plaintiff has failed to show that any the medical evidence of record that post-dates the date last insured relates back or is probative to the relevant disability period. To qualify for disability insurance benefits, the claimant must establish that she was disabled prior to the date she was last insured. *See* 20 C.F.R. § 404.131; *see Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Therefore, the ALJ reasonably found that Plaintiff failed to establish a medically determinable impairment during the relevant period.

### 5. Separation of Powers

Plaintiff argues that ALJ's decision denying Plaintiff's claim was constitutionally defective because the Social Security Act's structure is unconstitutional and violates the separation of powers by limiting the President's authority to remove the Commissioner without good cause,

ORDER
PAGE - 10

violates the separation of powers. Dkt. 10, at 9. Plaintiff argues that the ALJ's decision should be remanded for a new hearing before a different ALJ based on this constitutional defect. *Id.* at 11. The Commissioner does not dispute that Section 902(a)(3) of the Social Security Act is constitutionally defective; however, the Commissioner asserts that the constitutional defect does not support setting aside the ALJ's denial of benefits. Dkt. 14, at 3.

Under *Collins v. Yellen*, 141 S. Ct. 1761 (2021), a plaintiff seeking relief based on the existence of an unconstitutional statutory removal restriction must show harm in order to be entitled to such relief. *Id.* at 1787–89; *see also Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021) ("*Collins* is controlling with respect to the remedy for any unconstitutionality in the removal provisions."). In *Collins*, the Supreme Court noted that "it is still possible for an unconstitutional provision to inflict compensable harm"; however, the Supreme Court remanded the matter to the lower trial court for a determination in the first instance as to whether the party alleging constitutional error suffered "compensable harm." *Collins*, 141 S. Ct. at 1789. Notably, the Supreme Court did not provide administrative relief or remand to the agency based on the existence of an unconstitutional removal provision within the underlying statutory scheme absent a finding from the trial court of harm. *Id*. Here, because the Court is making a determination regarding an alleged constitutional error in the first instance, Plaintiff must show that she suffered harm from the error in order to be entitled to a remedy from this Court.

Plaintiff argues that, due to the unconstitutional removal provision, "the Commissioner had no authority to delegate authority, leaving the ALJ here without any authority to make findings of fact and issue final decisions as to benefits eligibility." Dkt. 10, at 10; *see also* Dkt. 15, at 8 (citing *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018)). Plaintiff argues in her Reply Brief that "[t]he primary harm to [Plaintiff] lies in the fact that the decision in this case was made and reviewed with Saul's

own authority, protected by §902(a)(3), not the President's authority, making the disability determination null." Dkt. 15, at 8. Plaintiff's argument, however, has been rejected by the Supreme Court. In *Collins*, the Supreme Court held that the existence of an unconstitutional removal provision does not provide a basis to conclude that the agency head subject to the removal provision "lacked the authority to carry out the functions of the office." *Collins*, 141 S. Ct. at 1787. Similarly, in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), the Supreme Court held that an unconstitutional removal provision does not *per se* render the whole underlying act void. *Id.* at 2211; *see also Collins*, 141 S. Ct. at 1787 n.23 ("Settled precedent also confirms that the unlawfulness of the removal provision does not strip the Director of the power to undertake the other responsibilities of his office . . . ."); *id.* at 1082 (Kagan, J., concurring in part and concurring in the judgment) ("[G]iven the majority's remedial analysis, I doubt the mass of [Social Security Administration] decisions—which would not concern the President at all—would need to be undone. . . . When an agency decision would not capture a President's attention, his removal authority could not make a difference . . . ."). Because Plaintiff has not shown that she experienced compensable harm based on the constitutional defect of Section 902(a)(3), nor has Plaintiff provided any evidence or even any specific factual allegations regarding any implied claim that she received reduced due process protections, Plaintiff has failed to show that she is entitled to a new hearing based on the existence of a constitutional defect in Section 902(a)(3).[5] *See Decker Coal Co.*, 8 F.4th at 1138 ("[T]here is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions. And nothing commands us to vacate the decisions below on that ground.").

---

[5] Even if the Court's conclusion herein was not dispositive, other doctrines likely prevent Plaintiff's recovery. *See* Dkt. 14, at 10–15 (citing harmless error doctrine, the *de facto* officer doctrine, the rule of necessity, and broad prudential considerations).

ORDER
PAGE - 12

The Commissioner further argues that "the absence of a nexus between the purported harm and challenged removal restrictions 'defeats the . . . argument for setting aside' agency action." Dkt. 14, at 5 (citing *Collins*, 141 S. Ct. at 1787). The Commissioner argues that no such nexus exists in this case because the ALJ held an appointment that was ratified by then-Acting Commissioner Berryhill, who, the Commissioner asserts, "enjoyed no statutory tenure protection." *Id.* at 5–6 (citing 42 U.S.C. § 902(b)(4) and *Collins*, 141 S. Ct. at 1783). In *Collins*, the Supreme Court held that "[w]hen a statute does not limit the President's power to remove an agency head, we generally presume the officer serves at the President's pleasure." *Collins*, 141 S. Ct. at 1783. Here, Section 902(b)(4) provides that the presidentially appointed Deputy Commissioner or another office of the Government designated by the President shall serve as Acting Commissioner "during the absence of disability of the Commissioner. 42 U.S.C. § 902(b)(4). Neither provision governing the Deputy Commissioner or another presidentially designated Acting Commissioner contain removal restrictions. Plaintiff argues that that "[o]nce former Commissioner Saul was appointed, Acting Commissioner Berryhill no longer had any delegated authority which she could re-delegate to this ALJ or to any ALJ." Dkt. 15, at 7. Plaintiff's contention, however, has no impact on this matter, wherein the ALJ who decided Plaintiff's claim was properly appointed by then-Acting Commissioner Berryhill while she was serving as Acting Commissioner. *See* Dkt. 14, at 5 n.1. Therefore, Plaintiff is not entitled to relief on the additional ground that the ALJ that adjudicated Plaintiff's claim was not subject to a constitutionally defective removal restriction. Further, to the extent that Plaintiff raises an appointment clause challenge, the Court concludes there is no appointments clause violation in this case, and the ALJ who issued the decision here was properly appointed.

For these reasons, the Court concludes that, although the parties do not dispute that Section

902(a)(3) is constitutionally defective, the defect is not grounds to reverse and remand the ALJ's decision in this matter.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 1st day of February, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 14